lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRISTIE HELM,           )
                                   )
              Plaintiff,     )
                                   )
      vs.                   )     Case No. 08-2459-JAR
                                   )
                                   )
STATE OF KANSAS,       )
                                   )
             Defendant.   )
                                   )

## MEMORANDUM AND ORDER

Plaintiff Christie Helm brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, against her former employer, the State of Kansas, alleging that she was subjected to sexual harassment and that her employment was terminated in retaliation for opposing the alleged harassment. This matter is before the Court on defendant's Motion to Dismiss (Doc. 11) for lack of subject matter jurisdiction and failure to state a claim based on defendant's assertion that she is not an "employee" as defined by Title VII. For the reasons set forth in detail below, defendant's motion is denied.

## I.    Legal Standards

### *Rule 12(b)(1)*

Defendant moves "in part" to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[1] "A case arises

---

[1] 28 U.S.C. § 1331.

under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[2]  Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[3]  Mere allegations of jurisdiction are not enough.[4]  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but a determination that the court lacks authority to adjudicate the matter.[5]

### Rule 12(b)(6)

Defendant also moves "in part" to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendant filed its Motion to Dismiss after filing an answer in this case.[6]  Technically, it is impermissible to file an answer and thereafter file a Rule 12(b)(6) motion to dismiss.[7]  However, because Rule 12(h)(2) permits the court to consider "[a] defense of failure to state a claim upon which relief can be granted" within a Rule 12(c) motion for judgment on the pleadings,[8] the court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c).[9]  The distinction between the two

---

[2]*Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[3]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[4]*Id.* at 798.

[5]*Casteneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994).

[6](Doc. 5.)

[7]*See* Fed. R. Civ. P. 12(b) (a motion asserting defense of failure to state a claim "shall be made before pleading if a further pleading is permitted"); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 300-01 (2d ed. 1990) ("[A] post-answer Rule 12(b)(6) motion is untimely.").

[8]Fed. R. Civ. P. 12(h).

[9]*Thomas v. Travnicek*, No. 00-3360-GTV, 2003 WL 22466194, at *1 (D. Kan. Aug. 15, 2003).

motions is purely formal, because the court must review a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion.[10]

In light of the above, the Court will treat this defendant's post-answer motion to dismiss as if it had been styled a Rule 12(c) motion for judgment on the pleadings.  To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[11]  Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[12]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[13] As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14]  Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[10]*Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) ("[w]e review a dismissal on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal.") (citing *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000)).

[11]*Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555-56 (2007).

[12]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[13]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008).  "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[14]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

reasonable inference that the defendant is liable for the misconduct alleged."[15]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[16]  These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[17]  The facts narrated by the plaintiff must at least outline or adumbrate a viable claim in order to "pass Rule 12(b)(6) muster."[18]  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[19]

If the court on a Rule 12(b)(6) motion looks to matters outside the complaint, the court generally must convert the motion to a Rule 56 motion for summary judgment.[20]  It is

> accepted practice that, 'if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claims, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.' If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied.[21]

In this case, defendant has submitted a copy of plaintiff's charge of discrimination to the Equal Employment Opportunity Commission ("EEOC") and the EEOC's Notice, both of which

---

[15]*Id.*

[16]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[17]*Associated Gen. Contractors of Cal., Inc.  v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[18]*Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

[19]*Id.*

[20]*Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

[21]*Id.* (quoting *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384-85 (10th Cir. 1997)).

are referenced in plaintiff's Complaint and central to her claim.  Plaintiff does not dispute the authenticity of these documents, and the Court will consider their content, to the extent relevant, in resolving defendant's motion to dismiss.

Finally, "[w]hen a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction."[22]

## II.    Plaintiff's Complaint

The Court accepts as true the well-pleaded factual allegations in plaintiff's Complaint and draws all reasonable inferences in favor of the plaintiff.  Plaintiff began working for defendant in the Court Clerk's Office in the First Judicial District of Kansas in September 1995. In August 1998, plaintiff was hired as an administrative aid, doing work for District Judges Frederick Stewart and Robert Bednar.  In 2001, she also did work for District Judge Patrick Reardon.  In December 2007, plaintiff's employment was terminated by Chief Judge David King, also of the First Judicial District.

Plaintiff alleges that Judge Stewart was in a supervisory position over her from August 1998 through December 2007.  Off and on during this time, Judge Stewart subjected plaintiff to sexual harassment in the form of unwanted sexual touching and remarks.  This harassment escalated in 2007, and ceased when plaintiff took a leave of absence on June 30, 2007.  Plaintiff reported Judge Stewart's sexual harassment to Chief Judge King in June 2007 and to Judge Bednar in August 2007.  She also discussed the harassment with the Court Administrator and testified before the Kansas Commission on Judicial Qualifications in September 2007.

---

[22]*Beams v. Norton*, 327 F. Supp. 2d 1323, 1330 (D. Kan. 2004) (quoting *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996)) (citation omitted).

Plaintiff filed a Charge of Discrimination with the EEOC on January 22, 2008.  On June 27, 2008, the EEOC issued a Dismissal and Notice of Rights.  The Notice stated the reason for dismissal as "'[n]o jurisdiction, no employer-employee relationship," and notified plaintiff of her right to file a lawsuit within 90 days of receipt of the notice.  Plaintiff filed this suit on September 24, 2008, alleging unlawful employment practices by defendant under Title VII, specifically sexual harassment and retaliatory discharge.

## III.    Discussion

In order to bring an action pursuant to Title VII, plaintiff must show that she was an "employee."  Title VII defines "employee" as "an individual employed by an employer."[23] There are four express exemptions to this definition:

> The term "employee" . . . shall not include [1] any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or [2] any person chosen by such officer to be on such officer's personal staff, or [3] an appointee on the policy making level or [4] an immediate adviser with respect to the exercise of the constitutional or legal powers of the office.  The exemption set forth in the previous sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision.[24]

Individuals who fall within these exemptions are not without recourse, however, as the Government Employee Rights Act of 1999 ("GERA"),[25] confers Title VII rights on those individuals covered by exemptions 2, 3 and 4, but not the elected official himself.[26]  Such individuals must file a discrimination claim with the EEOC, and if the EEOC determines that a

---

[23] 42 U.S.C. § 2000e(f).

[24] *Id.*

[25] 42 U.S.C. § 2000e-16a-17.

[26] *Id.* at § 2000e-16c(a).

violation has occurred, it may provide appropriate relief.[27]  Unlike Title VII proceedings, which provide for *de novo* review EEOC actions in federal district court, an individual proceeding under GERA must seek judicial review in the federal circuit courts.[28]

Defendant frames its first ground for dismissal as jurisdictional: because plaintiff is not an "employee" under Title VII, she is limited to relief under GERA.  Defendant argues that this Court lacks subject matter jurisdiction because jurisdiction over claims under GERA lies exclusively with the EEOC and is subject to review only by the circuit courts of appeal and not the federal district courts.  Defendant bases this argument on the EEOC order dismissing plaintiff's claim because there was "no employer-employee relationship," which defendant contends was made pursuant to the EEOC's jurisdiction over complaints brought under GERA.

The Court disagrees with defendant's characterization of the EEOC Notice.  If plaintiff's complaint was brought under GERA, there would be no grounds for the EEOC to base its dismissal on lack of jurisdiction due to no employer-employee relationship.  In fact, such status would be the basis of GERA jurisdiction, and the EEOC would then be required to determine whether a violation had occurred.  In this case, the EEOC dismissed plaintiff's complaint for lack of jurisdiction under Title VII, because there was no employer-employee relationship, and specifically notified plaintiff of her right to file a lawsuit under Title VII within 90 days of receipt of the notice.  Thus, the Court cannot find that it was divested of jurisdiction by virtue of the EEOC notice of dismissal.

Moreover, the Supreme Court has held that Title VII's "employer" requirement is an

---

[27]*Id*. § 200e-16c(b)(1).

[28]*Id*. § 2000e-16c(c).

element of plaintiff's claim for relief and does not constitute a basis to dismiss for lack of subject matter jurisdiction.[29]  The Tenth Circuit has extended this ruling to Title VII's requirement that plaintiff be an "employee."[30]  Although defendant couches the issue as one of divestiture by application of GERA, its motion ultimately asks the Court to dismiss plaintiff's case for lack of jurisdiction *because* she is not an employee.  As noted above, however, this is not a threshold jurisdictional issue, and the Court thus analyzes defendant's motion solely under Rule 12(b)(6).

As discussed above, plaintiff's status as an "employee" is an element of her Title VII claim.  Plaintiff's Complaint alleges that she "was employed by defendant," and describes her job history and situation.  Defendant argues that the "personal staff" exemption applies to plaintiff, as she was an administrative assistant to a state district court judge, and that the "conclusory" nature of her allegation in her Complaint that she was an employee is not enough to survive a motion brought pursuant to Rule 12(b)(6).

The Tenth Circuit has adopted a non-exhaustive list of six factors to determine the applicability of the personal staff exemption:

> (1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.[31]

---

[29]*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 512 (2006).

[30]*Xie v. Univ. of Utah*, 243 F. App'x 367, 371 (10th Cir. 2007).

[31]*Kelley v. City of Albuquerque*, 542 F.3d 802, 808 n.7 (10th Cir. 2008) (quoting factors adopted in *Nichols v. Hurley*, 921 F.2d 1101, 1110 (10th Cir. 1990), in the context of identical exemption under the Fair Labor Standards Act).

As plaintiff points out, the personal staff exception is an affirmative defense that must be pleaded under Fed. R. Civ. P. 8(c).[32]  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Tenth Circuit recently explained, "[i]t is not necessary for the complaint to contain factual allegations so detailed that all possible defenses would be obviated.  Even after *Twombly*, the factual allegations need only contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[33]  The court went on to reiterate that "'plausibility' in the context of determining the sufficiency of a complaint 'refer[s] to the scope of the allegations in a complaint; if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[34]

The Court finds that plaintiff's Complaint provides sufficient factual material to state a claim that is plausible on its face.  If plaintiff is able to prove the allegation that she is an employee under Title VII, she plausibly has a claim for relief under Title VII.  Indeed, plaintiff asserts that Chief Judge King, rather than Judge Stewart, was the individual who terminated her employment and that she also worked for and was accountable to Judges Bednar and Reardon, facts which go to the personal staff exemption determination.  Thus, plaintiff's claim that she is an employee under Title VII is plausible, and defendant's motion to dismiss is denied.

---

[32]*Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 467 (5th Cir. 2001) (citing *Nichols v. Hurley*, 921 F.3d at 1111).

[33]*Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1276 (10th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[34]*Id.* (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)) (quoting *Twombly*, 550 U.S. at 570).

In so ruling, the Court notes that plaintiff has filed a Motion for Partial Summary Judgment on the limited issue of whether defendant is entitled the personal staff affirmative defense (Doc. 19).  Defendant did not file a cross-motion for summary judgment, instead relying on the instant motion to dismiss.  The cutoff for discovery in this case is August 7, 2009, and dispositive motions are due September 4, 2009; review of the docket sheet indicates the parties are actively engaged in discovery.  Given the posture of these proceedings, the Court will defer ruling on plaintiff's motion for partial summary judgment until all dispositive motions have been filed.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss (Doc. 11) is DENIED.

Dated:  July 21, 2009

 S/ Julie A. Robinson_____
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

10

11